## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## SOUTHERN DIVISION

| | |
|---|---|
| TED CHRISTENSEN, *on behalf of himself and all others similarly situated*,<br><br>            Plaintiff,<br><br>v.<br><br>AMERICAN ASSOCIATION OF COLLEGES OF OSTEOPATHIC MEDICINE D/B/A AACOM,<br><br>            Defendant. | Case No.: 8:25-cv-01239-TJS |
| MARINA GIRGIS, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>v.<br><br>AMERICAN ASSOCIATION OF COLLEGES OF OSTEOPATHIC MEDICINE D/B/A AACOM,<br><br>            Defendant. | Case No. 8:25-cv-01256-DLB |
| NICOLAS SIKACZOWSKI, *on behalf of himself and all others similarly situated*,<br><br>            Plaintiff,<br><br>v.<br><br>AMERICAN ASSOCIATION OF COLLEGES OF OSTEOPATHIC MEDICINE,<br><br>            Defendant. | Case No. 8:25-cv-01275-DLB |

| | |
|---|---|
| EMILY SCOTT, on behalf of herself and all others similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>AMERICAN ASSOCIATION OF COLLEGES OF OSTEOPATHIC MEDICINE,<br><br>           Defendant. | Case No. 8:25-cv-01277-DLB |

## PLAINTIFFS' UNOPPOSED MOTION TO CONSOLIDATE AND TO APPOINT INTERIM LEADERSHIP COUNSEL

Plaintiffs Ted Christensen, Marina Girgis, Emily Scott, and Nicolas Sikaczowski ("Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move under Rule 42 of the Federal Rules of Civil Procedure to consolidate Case Nos. 8:25-cv-01239-TJS, 8:25-cv-01256-DLB, 8:25-cv-1277-DLB, 8:25-cv-01275-DLB into the first filed action, Case No. 8:25-cv-01239-TJS (collectively the "Related Actions"). Plaintiffs further move under Rule 23(g) of the Federal Rules of Civil Procedure for the Court to appoint Leigh Montgomery of EKSM, LLP, Raina C. Borrelli of Strauss Borrelli PLLC, Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"), and Leanna Loginov of Shamis & Gentile, P.A. as Interim Co-Lead Counsel for the consolidated action. This motion has the unanimous support of Plaintiffs from every case on file in these matters. The grounds for Plaintiffs' Motion are set forth in the incorporated Memorandum.

## MEMORANDUM IN SUPPORT

### I.     BACKGROUND

These cases arise from a cybersecurity incident that took place on Defendant American Association of Colleges of Osteopathic Medicine d/b/a AACOM's ("AACOM" or "Defendant") network that purportedly occurred on September 26, 2024 (the "Data Breach"). During the Data Breach, cybercriminals accessed and infiltrated the names, Social Security numbers, and medical information (collectively, "Private Information") of approximately 67,804 of Defendant's consumers.

Plaintiff Ted Christensen is a consumer who applied to medical school through AACOM prior to the Data Breach and thus was a victim of the Data Breach. Defendant issued a Breach Notice to victims in April 2025.[1] The notice letter stated that impacted individuals' Private Information, including full names, Social Security numbers, and medical information, was accessed and potentially acquired by an unauthorized actor during the Data Breach. On April 16, 2025, Plaintiff Christensen filed a class action complaint against Defendant in this Court seeking injunctive relief and damages from Defendant due to its alleged failures to implement and maintain adequate data security measures to safeguard the Private Information in its possession. *See* Case No. 8:25-cv-01239-TJS, ECF No. 1.

Thereafter, class action complaints were filed against Defendant in this Court by the remaining Plaintiffs. Similar to the Plaintiff Christensen, all Plaintiffs allege that their Private Information was compromised in the Data Breach. Moreover, all Plaintiffs seek injunctive relief

---

[1] A copy of the redacted Notice of Data Breach letter that was sent to all Plaintiffs can be found at https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/61f2428d-b058-48da-b831-b0ea7543ac0f.html

and damages from AACOM due to the same alleged conduct and same underlying legal theories, including negligence and breach of implied contract.

Both prior to and since filing the Related Cases, Proposed Interim Co-Lead Class Counsel have taken proactive steps to investigate the Data Breach, including, but not limited to, speaking with numerous class members, preparing pleadings, coordinating with other attorneys, and performing legal and fact research. Now, in the interests of judicial economy, counsel for the Related Cases jointly request that the Court consolidate the Related Cases and appoint Leigh Montgomery of EKSM, LLP, Raina C. Borrelli of Strauss Borrelli PLLC, Gary Klinger of Milberg, and Leanna Loginov of Shamis & Gentile, P.A.  as Interim Co-Lead Class Counsel pursuant to Federal Rules of Civil Procedure Rules 23(g)(3) and 42(a).

## II.    ARGUMENT

The Related Actions, along with any cases subsequently filed, transferred, or removed to this District arising out of the same Security Incident and including common questions of law and fact, should be consolidated into one substantively unified action. This consolidation and the leadership structure proposed herein will promote the interests of judicial efficiency and will reduce duplicity in discovery and litigation. Consolidating these actions will not prejudice or confuse any of the parties or members of the potential Classes.

Likewise, the appointment of Leigh Montgomery of EKSM, LLP, Raina C. Borrelli of Strauss Borrelli PLLC, Gary Klinger of Milberg, and Leanna Loginov of Shamis & Gentile, P.A. as Interim Co-Lead Class Counsel under Rule 23(g)(3) will support the unified and efficient prosecution of the consolidated actions, as set forth below.

**A.  The Court Should Consolidate the Related Cases**

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . ." Fed. R. Civ. P. 42(a)(2). "If a common question of law or fact exists, then the district court must weigh the competing considerations to determine if consolidation is desirable." *Aquawood, LLC v. JFJ Toys, Inc.*, No. PX 16-3569, 2017 U.S. Dist. LEXIS 30730, at *2 (D. Md. Mar. 3, 2017). If this threshold requirement of involving a common question of law or fact is met, courts then consider the following factors in determining whether to exercise its discretion to consolidate:

> Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.* 681 F.2d 186, 193 (4th Cir. 1982) (citing 9 C. Wright & Miller, Federal Practice & Procedure: Civil § 2383 (1971)).

Ultimately, "[c]ourts have 'broad discretion' to consolidate cases pending in the same district under Rule 42(a)." *Id.* Generally, "judicial economy favors consolidation because it saves time and expenses and avoids the risk of inconsistent judgments." *Manganaro MidAtlantic, LLC v. KBE Bldg. Corp.*, No. 3:19CV00080, 2020 WL 5209535, at *2 (W.D. Va. Sept. 1, 2020); *Eldridge v. McCabe, Weisberg & Conway, LLC*, Civil Action No. RDB-12-00287, 2012 U.S. Dist. LEXIS 56403, at *3 (D. Md. Apr. 20, 2012) ("Policies of judicial economy generally favor the consolidation of related actions.").

Where two or more actions against the same defendant share key factual and legal questions—including, as here, where the actions arise from the same Data Breach—consolidation

under Rule 42(a) is warranted. *See, e.g.*, *Head v. Rakowski*, No. JKB-22-00566, 2025 U.S. Dist. LEXIS 7463, at *2-3 (D. Md. Jan. 13, 2025) (granting consolidation where the actions involve overlapping parties, factual allegations, and causes of action); *Safeway, Inc. v. Sugarloaf P'ship, LLC*, 423 F. Supp. 2d 531, 537 (D. Md. 2006) (consolidating cases with "entirely common issues" and where the primary questions in each action were identical); *Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565-ELR, 2022 WL 3702117 (N.D. Ga. May 12, 2022) (granting consolidation of data breach actions).

Consolidation will not cause any prejudice, inconvenience, or delay or impose additional expenses on the parties. Rather, early consolidation will optimize efficiency for the Court and the parties. The Related Cases are substantially identical, assert substantially overlapping factual allegations, involve substantially similar substantive theories of relief and are in a similar procedural posture. No responsive pleadings have been filed in any of the Related Cases.

Consolidation will allow the parties to avoid duplication during discovery since the Related Cases will involve the same relevant documents and the same individuals from Defendant will be deposed. Consolidation will further the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while imposing no significant prejudice.

In addition, to ensure continued judicial efficiency, Plaintiffs respectfully request that the Court order that any future class or representative actions that are filed or transferred to this Court based on the same or similar facts and circumstances be consolidated into this action. *See, e.g.*, *In re Life Partners Holdings, Inc.*, No. DR-11-CV-43-AM, 2012 WL 12875942, at *1 (W.D. Tex. May 9, 2012) ("future cases 'arising out of the same or substantially the same transactions or events as the above captioned cases' shall be united into the consolidated case."); *Troy Stacy*

*Enters. Inc. v. Cincinnati Ins. Co.*, 337 F.R.D. 405, 411 (S.D. Ohio 2021) ("All related actions that are subsequently filed in, or transferred to, this District shall be consolidated into this action.").

Because consolidation here serves the interest and convenience of both the parties and the Court, through its promotion of judicial economy and efficiency, and doing so will not prejudice any party to the Related Cases, Plaintiffs respectfully request the Court enter an Order consolidating the Related Cases. Indeed, this motion has the support of the Plaintiffs from every case on file.

### B.  The Court Should Appoint Interim Co-Lead Class Counsel

Leigh Montgomery of EKSM, LLP, Raina C. Borrelli of Strauss Borrelli PLLC, Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"), and Leanna Loginov of Shamis & Gentile, P.A. seek appointment as Interim Co-Lead Class Counsel pursuant to Rule 23(g)(3)—which allows the Court to designate Interim Co-Lead Class Counsel to act on behalf of a putative class before determining whether to certify the action as a class action.

To avoid inefficiency, duplication and possible prejudice to plaintiffs, and consistent with the interests of justice, the Manual for Complex Litigation recommends that courts in complex litigation should "institute procedures under which one or more attorneys are selected and authorized to act on behalf of other counsel and their clients." Manual for Complex Litigation (Fourth) ("MCL" or "Manual") § 10.22. The Committee Notes to the 2003 Amendments to Rule 23 emphasize that designation of interim class counsel prior to certification is appropriate because:

> [I]t will usually be important for an attorney to take action to prepare for the certification decision. The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination. Settlement may be discussed before certification. It may also be important to make or respond to motions before certification.

Fed. R. Civ. P. 23 Advisory Committee Notes (2003). "Designation of lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements." *Szymczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 1495(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing MANUAL FOR COMPLEX LITIG. § 21.11 (4th ed. 2004)).

Rule 23(g) has criteria for the appointment of class counsel, including (1) work counsel has performed identifying or investigating potential claims in the action, (2) counsel's experience with claims of the type asserted in the action, (3) counsel's knowledge of the applicable law, and (4) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(iiv) & (B). Although Rule 23(g)(3) does not specifically address the appointment of interim class counsel, courts often apply the Rule 23(g) factors that govern the appointment of counsel at the class certification stage. *See, e.g., In re Gerber Prods. Co. Heavy Metals Baby Food Litig.*, No. 121CV269MSNJFA, 2022 WL 1494378, at *2 (E.D. Va. May 10, 2022); *In re: Dairy Farmers of Am. Cheese Antitrust Litig.*, No. 1:09-cv-03690, 2013 WL 6050431, at *3 (N.D. Ill. Nov. 15, 2013).

The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." *Manual for Complex Litig*. § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)–(B); 7B Charles Alan Wright et al., *Fed. Prac. & Proc.*

§ 1802.3 (3d ed. 2005). "If more than one adequate applicant seeks appointment, the court must appoint the applicant best able to represent the interests of the entire class." Fed. R. Civ. P. 23(g)(2). Further, "[w]here consideration of other relevant factors does not tilt heavily in either direction, and there is a need for an objective tie-breaker, courts may also consider which party was first to file the a complaint." *See, e.g.*, *Easton v. Bailey*, Case No. 12-01716-DMG, 2013 WL 12323847, at *1 (C.D. Cal. Jan. 4, 2013).

Here Interim Co-Lead Class Counsel have successfully litigated numerous class actions involving data breaches and privacy claims on behalf of millions of consumers. Interim Co-Lead Class Counsel possess the necessary resources to prosecute this litigation, have the support of the Plaintiffs from all cases on file, are working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Moreover, Interim Co-Lead Class Counsel have previously and repeatedly worked together to successfully prosecute data breach class actions across the country. Because Interim Co-Lead Class Counsel have the case-management and complex-litigation skills, experience, knowledge of the relevant facts and legal issues, and extensive resources needed to efficiently prosecute this action, the Court should grant Plaintiffs' motion.

1. **Proposed Co-Lead Counsel Have Performed Substantial Work Identifying, Investigating, and Litigating the Claims to Date.**

Immediately after the public announcement of Defendant's Data Breach, Interim Co-Lead Class Counsel began investigating potential legal claims and remedies for the victims of the breach. Those investigations included, among other things:

- Investigating the facts surrounding the Data Breach;

- Investigating Defendant's corporate structure;

- Investigating Defendant's clients;

- Interviewing numerous consumers injured by the Data Breach;

- Researching legal claims;

- Drafting initial pleadings; and

- Organizing Plaintiffs and counsel and consolidating the relevant action for unified proceedings, *i.e.*, via the Motion for Consolidation.

Interim Co-Lead Class Counsel worked to quickly organize. Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating duplication.

Interim Co-Lead Class Counsel operate as a cohesive, well-organized group. Going forward, and if appointed, Interim Co-Lead Class Counsel will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. Accordingly, the substantial work and investigation to date weigh in favor of appointing Interim Co-Lead Class Counsel under Fed. R. Civ. P. 23(g)(3). This appointment will serve the best interests of the class.

**2.    Interim Co-Lead Class Counsel Possess the Necessary Experience and Skill to Prosecute This Action.**

As set forth below, Interim Co-Lead Class Counsel's résumés include extensive experience leading or helping to lead complex data-breach and privacy class actions, including most of the major data breach cases in the United States. They will formulate and present positions on substantive and procedural issues during the litigation. *See* Manual for Complex Litigation § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing

experts, arranging for support services, and seeing that schedules are met.").

Plaintiffs propose that the Court designate Leigh Montgomery of EKSM, LLP, Raina Borrelli of Strauss Borrelli PLLC, Gary Klinger of Milberg, and Leanna Loginov of Shamis & Gentile, P.A. as Co-Lead Counsel. As demonstrated below, these attorneys have substantial class action and data breach experience and knowledge that will benefit the putative class as this litigation proceeds.

### a.  Leigh Montgomery

Ms. Leigh Montgomery has over sixteen years of plaintiff's litigation and trial experience, including substantial experience in the class action and appellate contexts. She co-leads the litigation section of the firm. Ms. Montgomery has extensive class action litigation experience, including in class certification briefing, trial and appeal. *See, e.g., Mattson v. New Penn Financial, LLC*, Case No. 3:18-cv-00990 (D. Or.), on appeal at 2023 WL 2624783 (9th Cir. March 23, 2023) (vacating denial of class certification and remanding); *see also Williams v. The Pisa Group, Inc.,* Case No. 2:18-cv-04752 *(E.D. Pa.) (certifying TCPA class).*

Ms. Montgomery has experience litigating data breach matters in the following cases: *Veronica Marin v. El Centro del Barrio dba CentroMed*, Case No. 5:24-cv-00571 (W.D. Tex.); *Elwon Mathavongsy v. TRC Staffing Services, Inc. dba TRC Talent Solutions, Case No. 1:24-cv-02483 (N.D. Ga.);  Tyler Blankenship v. Leonard's Express, Inc.*, Case No. 1:24-cv-00618 (W.D. N.Y);  *Clayton v. PruittHealth, Inc.,* Case No. 1:24-cv-02960 (N.D. Ga.);  *Melissa MicSak v. Call 4 Health, Inc.*, Case No. 9:24-cv-80870 (S.D. Fla.);  *Sean Barbery v. M&M Transport,* Case No. 1:24-cv-12042 *(D. Mass.); Antonio Valle, et al. v. First Commonwealth Federal Credit Union*, Case No. 2024-C-2893 (Lehigh County, PA); *James Bertsch, et al. v. Pocahontas Medical Clinic, PA*, Case No. 61CV-24-103 (Randolph County, AR); *Lataniya Frazier v. Baptist Health Medical*

*Center,* Case No. 60CV-24-8301 *(Pulaski County, AR); Robert Dapello v. Riverside Resort & Casino,* Case No. 2:24-cv-01732 (D. Nev.); *Haskins v. Stillwater Mining Company*, Case No. DV-48-2024-0000061 (Stillwater County, MT); *Harris v. ERLC, LLC dba Elitecare Emergency Hospital, Case No. 24-cv-1622 (Galveston County, TX); William Moore v. Johnson & Wales University*, Case No. 1:24-cv-00409 (D. R.I.); *William Adams et al. v. Family Health Center*, Consolidated Case No. 2024-0404-NO (Kalamazoo County, Michigan); *Chris Anderson as next friend of Joyner Anderson Baker v. Brockton Area Multi Services, Inc.,* Case No. 1:24-cv-11607 *(D. Mass.); Jacob Baggett v. State University of New York At Niagara et al.,* Case No. 1:24-cv-00645 *(W.D. New York); Michael Bodem v. Justice Resource Institute, Inc.,* Consolidated Case No. 1:24-cv-11856 (D. Mass.); *Lameeka Chambers v. The Charlotte-Mecklenburg Hospital Authority*, Case No. 3:24-cv-00887 (D. North Carolina); *Guchait et al. v. Momin & Momin, PLLC,* Case No. 24-DCV-322363 *(Ft. Bend County, TX); Fares et al. v. C.K.S. Packaging, Inc.,* Case No. 1:24-cv-04586 *(N.D. GA); Michael Harrison et al. v. PECO Foods, Inc.,* Consolidated Case No. 7:24-cv-01034 (N.D. AL); *Douglas Long v. Avis, Consolidated* Case No. 2:24-cv-09243 *(D. N.J.); Chris Kidder v. American Addiction Centers, Inc.*, Case No. 3-25-cv-00032 (Middle D TN); *Eduardo Guillen v. Akumin Operating Corp., f/k/a Akumin Corp.,* Case No. 0:25-cv-60088 *(S.D. Fla*.); *Danella Claytor v. TECTA America Corp.*, Case No. 1:25-cv-00525 *(N.D. IL); Alberta Ruiz v. Stiizy, Inc.,* Case No. 25STCV01549 (Superior Court CA).

Outside of the data breach context, Ms. Montgomery has an active nationwide wage and hour and class action practice. She has served as counsel in class actions matters from the filing of the complaint to final approval of the settlement, including briefing and arguing class certification. *See, e.g., Heath et al. v. TFS Dining, LLC, et al.*, Case No. 1:20-cv-899 (W.D. Tex.) (obtaining summary judgment on employee status and a final judgment on all damages after a jury trial);

*Manasco et al. v. Best in Town d/b/a The Furnace et al.*, Case No. 2-21-cv-00381 (N.D. AL) (Partial summary judgment on major liability issues); *Johnson et al. v. Houston, LP, LLC, et al.,* Case No. 4:20-cv-00663 (S.D. TX) (Summary Judgment on issue of employee misclassification and affirmative defenses, and fees awarded); *Garcia et al. v. Toezpecunia, Inc.*, Case No. 6:22-cv-00639 (D. Or.) (Summary judgment on all major liability issues, including willfulness determination).

Ms. Montgomery has knowledge of the facts and applicable law in the case, including knowledge relevant to Defendant. She has conducted discovery, depositions, class certification briefing and argument, as well as interlocutory appeals in class action cases. Ms. Montgomery's extensive class action experience and data breach knowledge will allow her to effectively and meaningfully contribute to the representation of the class. EKSM's is attached as **Exhibit 1.**

### b.   Raina C. Borrelli

Raina Borrelli is a is a founding partner of Strauss Borrelli PLLC where she leads the firm's class action litigation practice.   Ms. Borrelli received her J.D. magna cum laude from the University of Minnesota Law School in 2011. Prior to joining Strauss Borrelli, Ms. Borrelli was a partner at Gustafson Gluek PLLC, a boutique class action firm in Minneapolis, Minnesota, where she successfully prosecuted complex class actions in federal and state courts, including *Hudock v. LG Electronics USA, Inc*., 16-cv-1220 (JRT/KMM) (D. Minn.); *Baldwin v. Miracle-Ear, Inc*., 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, 16-md-02744 (E.D. Mich.); *Zeiger v. WellPet LLC*, 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Products, Inc.*, 18-cv-10661 (D.N.J.); *Reitman v. Champion*

*Petfoods*, 18-cv-1736 (C.D. Cal.); *Reynolds, et al., v. FCA US, LLC*, 19-cv-11745 (E.D. Mich.). Ms. Borrelli has repeatedly been named to the annual Minnesota "Rising Star" Super Lawyers list (2014-2021) by SuperLawyers Magazine. She has also been repeatedly certified as a North Star Lawyer by the Minnesota State Bar Association (2012-2015; 2018-2020) for providing a minimum of 50 hours of pro bono legal services.

Ms. Borrelli has significant experience in data privacy litigation and is currently litigating hundreds of data breach cases in courts around the country as lead counsel or co-counsel on behalf of millions of data breach victims, including *In re Netgain Tech. Consumer Data Breach Litig.*, 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *In re C.R. England, Inc. Data Breach Litig.*, 2:22-cv-374-DAK-JCB (appointed by the court has Interim Co-Lead Counsel); *Medina et al. v. PracticeMax Inc.*, 22-cv-01261-DLR (D. Ariz.) (appointed to Executive Leadership Committee); *Forslund et al. v. R.R. Donnelley & Sons Co.*, 1:22-cv-04260 (N.D. Ill.) (appointed as interim co-lead class counsel); *In re Lincare Holdings, Inc. Data Breach Litig.*, 8:22-cv-01472 (M.D. Fla.) (appointed to Interim Executive Leadership Committee, achieving a $7.25 million settlement for the class); *In re Thompson Coburn Data Security Litig.*, 4:24-cv-1509 (E.D. Mo.) (appointed interim co-lead class counsel); *In re CDK Global Data Security Consumer Litig.*, 1:24-cv-05221 (N.D. Ill.) (appointed interim co-lead counsel); *Grogan v. McGrath RentCorp., Inc.*, 22-cv-490 (N.D. Cal.); *Darrin et al. v. Huntington Ingalls Indus.*, 4:23-cv-00053 (E.D.V.A.) (appointed interim co-lead class counsel); *Hulewat et al. v. Medical Management Resource Group, LLC*, 2:24-cv-00377 (D. Ariz.) (appointed Interim Co-Lead Class Counsel); *In re CDK Global Data Security Breach Litig.*, 1:24-cv-05221 (N.D. Ill.) (appointed Interim Co-Lead Class Counsel).

In addition to her robust data breach practice, Ms. Borrelli is also currently litigating a variety of consumer protection cases, including under the TCPA, various state right of publicity laws, and under the Illinois Biometric Information Privacy Act, including: *Murray, et al. v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, 19-cv-12608 (D. Mass.) ($14 million TCPA class settlement); *Baldwin, et al. v. Miracle-Ear, Inc., et al.*, 20-cv-1502 (D. Minn.) ($8 million TCPA class settlement); *Callahan v. PeopleConnect, Inc.*, 20-cv-9203 (N.D. Cal.); *Kellman et al. v. Spokeo*, 21-cv-08976 (N.D. Cal.); *DeBose v. Dun & Bradstreet Holdings, Inc.*, 22-cv-00209 (D.N.J.).

Additionally, Ms. Borrelli has substantial experience leading discovery teams in complex class action matters and working with class damages experts and class damages models in consumer protection cases. Strauss Borrelli's firm resume is attached hereto as **Exhibit 2**.

### c.  Gary M. Klinger

Mr. Klinger is a Senior Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Located in Chiago, Illinois, Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024)[2] and having been selected to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation (2024).[3] Law360 recently highlighted Mr. Klinger's work in the privacy space.[4]

He has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country. *See, e.g., In re:*

---

[2] Only three plaintiffs' lawyers in the country received the distinction of being ranked by Chambers and Partners for Privacy & Data Security Litigation.
[3] *See* https://chambers.com/lawyer/gary-klinger-usa-5:26875006;
https://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.
[4] https://www.law360.com/articles/1854005/rising-star-milberg-s-gary-klinger.

*MoveIt Customer Data Security Breach Litigation*, 1:23-md-03083 (D. Mass.) (where Mr. Klinger was appointed to the leadership committee in multi-district litigation involving a data breach that impacted more than 95 million consumers); *Isaiah v. LoanDepot, Inc.*, 8:24-cv-00136-DOC-JCE (C.D. Cal) (where Mr. Klinger was appointed co-lead counsel in a data breach that impacted 17 million consumers). Mr. Klinger and his firm have played an important role in developing the favorable case law that many plaintiffs rely on in the data breach space. *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *Flores v. Aon Corp.*, 2023 IL App. (1st) (230140) (where Mr. Klinger obtained reversal of a dismissal with prejudice in a data breach class action); *In re Blackbaud, Inc., Customer Data Breach Litig.,* No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys defeated a standing challenge in a 10 million person data breach case).

Over the past 3 years, Mr. Klinger has settled on a class wide basis more than 100 class actions involving privacy violations, the majority of which are data breaches, in state and federal courts across the country as lead or co-lead counsel. To his knowledge, no other attorney in the country has settled and won court approval of more data breach class actions during this period. Representative cases include: *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of $64.5 million for 4 million consumers in a privacy class action); *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action); *In re: East*

*Palestine Train Derailment*, No. 23-cv-00242 (N.D. Ohio) (where Mr. Klinger serves on the leadership team that obtained a settlement of $600 million in a complex class action).[5]

Mr. Klinger also has the full weight of his law firm behind him. Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court. [6] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of large-scale wrongdoing. Milberg has been described by the New York Times as "[a] powerhouse that compelled miscreant and recalcitrant businesses to pay billions of dollars to aggrieved shareholders and customers."[7]

Milberg is one of the largest plaintiffs' class action firms in the United States (and abroad). The firm currently is involved in some of the largest and most well-known class action cases in the country and is particularly active in the field of data breach and privacy litigation. The firm is comprised of more than one hundred-twenty attorneys who work from offices across the United States and in Portugal, the United Kingdom, the Netherlands, and Germany. Milberg attorneys come from diverse backgrounds and reflect the diversity of the bar and the classes they seek to

---

[5] Mr. Klinger has also successfully litigated privacy class actions through class certification. *See, e.g.*, *Sewall v. Home Partners Holdings LLC*, No. A23-1662, 2024 WL 64318, at *1 (Minn. Ct. App. Jan. 2, 2024) (denying interlocutory review to an order granting class certification to a class of lessees in a landlord-tenant dispute); *Karpilovsky v. All Web Leads, Inc.*, No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. 2018) (where Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members; the case ultimately settled for $6.5 million).
[6] *See* https://milberg.com/precedent-setting-decisions/page/3/.
[7] Sam Roberts, *Melvyn Weiss, Lawyer Who Fought Corporate Fraud, Dies at 82*, N.Y. TIMES, (Feb. 5, 2018), https://www.nytimes.com/2018/02/05/obituaries/melvyn-weiss-lawyer-who-fought-corporate-fraud-dies-at-82.html.

represent—from the standpoint of age, gender, experience, and geographic location.[8] Milberg's firm resume is attached as **Exhibit 3**.

### d.  Leanna Loginov

Leanna A. Loginov is a Partner at Shamis & Gentile, P.A., where she concentrates her practice in the firm's data privacy and consumer protection litigation groups. Ms. Loginov has extensive experience in the realm of data privacy litigation, including actively litigating dozens of data breach class actions throughout the country. *See* e.g. *In re Cardiology Associates Data Breach Litigation*, Case No. 02-CV-2025-900139 (Ala. Cir. Ct. 2025) (appointed interim co-lead class counsel); *In Re Tycon Medical Systems, Inc., Data Security Breach Litigation*, Case No. 2:25-cv-19 (E.D. Va. 2025) (appointed interim co-lead counsel); *In re Stanley Steemer International Data Breach Litigation*, Case No. 2:23-cv-03932 (S.D. Ohio); *Sankar v. California Northstate University, LLC*, Case No. 2:24-cv-00473 (E.D. Cal.); *In re Risas Holdings LLC and Risas Dental Management LLC Data Breach Litigation,* Case No. 2:24-cv-00789 (D. Ariz.); *Jimenez Jr. v. OE Federal Credit Union,* Case No. 4:24-cv-02746 (N.D. Cal.); *Springer v. Johnson and Wales University,* Case No. 1:24-cv-00399 (D.R.I).

In connection with litigating class cases in state and federal courts nationwide, Ms. Loginov has made it a point to become a permanent member of numerous bars to effectively represent those communities. Ms. Loginov is permanently admitted to practice law in the states of New York and New Jersey, as well as the U.S. District Courts for the Eastern, Northern and Southern Districts of

---

[8] *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("Duke Guidelines") ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

New York, District of New Jersey, Northern and Central Districts of Illinois, and the Northern and Eastern Districts of Texas.

Beyond her personal expertise, Ms. Loginov brings the extensive experience of her firm, Shamis & Gentile. Shamis & Gentile is a well-established and successful law firm that can and will provide the resources and personnel necessary to pursue a case of this magnitude, a fact they have demonstrated in previous data breach class actions. Shamis & Gentile has filed and successfully litigated thousands of banking, insurance, data privacy, deceptive and unfair trade practice and product liability class action cases, often through contested class certification and even until trial. As a result, Shamis & Gentile has successfully recovered over 1 billion dollars for consumers nationwide. The firm's resources are not merely financial but also include substantial expertise and work-product developed in other similar cases which will benefit Plaintiffs and the putative class(s).

Shamis & Gentile understands the time, energy, and skill necessary to lead this litigation, and all have committed the resources required to ensure the effective and efficient representation of the class members. In fact, Ms. Loginov has already demonstrated her commitment to this litigation by devoting substantial resources to prosecuting this action. Ms. Loginov has worked on numerous actions with liaison counsel involved in the proposed consolidated action and is certain she will continue to successfully work with him on this case. Shamis & Gentile's firm resume is attached as **Exhibit 4**.

### 3. Interim Co-Lead Class Counsel Have and Will Continue to Commit the Resources Necessary to Fairly and Adequately Represent the Class.

A court appointing interim class counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(c). Here, Interim Co-Lead Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff

members located across the country. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Interim Co-Lead Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal. They are also expected to pay assessments when necessary to ensure that adequate funds are available to prosecute this litigation. And, as counsels' experience indicate, Interim Co-Lead Class Counsel have the resources to see this litigation through to its conclusion, including trial.

   **4. Interim Co-Lead Class Counsel were First-to-File and Submit a Coordinated Leadership Structure.**

   Notably, Interim Co-Lead Class Counsel were the first firms to file complaints against Defendant. *See In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (appointing as interim lead counsel the firms that filed the first complaints); *Steele v. United States*, No. 14-1523, 2015 WL 4121607, at *4 (D.D.C. June 30, 2015) ("[S]ince both groups are more than qualified to handle this action, it would be imminently reasonable to select the Motley Rice Group on the basis that their complaint was filed first."); *Michelle v. Arctic Zero, Inc.*, Case No. 12cv1063, 2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013) ("[F]irst-to file can be a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker."); *Richey v. Ells*, Case No. 12-cv-1831, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) ("Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action."). Here, the proposed leadership structure is supported by counsel for all Related Actions—including the first filed Christensen action, No. 8:25-cv-01239-TJS.

**5.    Other Factors Support Designating Interim Co-Lead Class Counsel.**

As an initial matter, Plaintiffs' proposed leadership structure has the support of all Plaintiffs and the law firms involved in this litigation, which further supports their appointment. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at \*5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel."); *In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394, at \*2 (S.D. Ohio Dec. 17, 2018) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel.") (citation omitted); *Manual for Complex Litigation* §§ 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272 (describing "private ordering" approach).

Another important consideration in selecting leadership is proposed counsel's ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to successful management of the litigation. *See Manual for Complex Litigation* § 10.21. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. From the moment their cases were filed, Interim Co-Lead Class Counsel moved quickly to coordinate the proposed leadership structure. Interim Co-Lead Class Counsel seek this leadership structure to best serve the interests of the classes in the most efficient manner possible. Indeed, the putative class benefits from an "organized, managed structure that [is] . . . achieved through the appointment of [the] unified voice" of proposed interim class counsel.  *In re Titanium Dioxide*

*Antitrust Litigation*, No. 10-0318, Dkt. No. 106, (D. Md. Apr. 1, 2011) (Bennett, J.) (appointing two firms as Co-Lead Class Counsel).

Moreover, Plaintiffs' counsel of consolidated litigation must effectively merge together to form an alliance against often well-financed opponents. *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLS* (2d Ed.), at 43.[9] The potential for disorganization, in-fighting, and inefficiencies means it is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." *Id.* Interim Co-Lead Class Counsel have developed working relationships, know of complementary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id.* Interim Co-Lead Class Counsel have extensive experience working with one another across the country in data breach cases. Interim Co-Lead Class Counsel are thus well-suited to jointly prosecute this action.

Finally, Interim Co-Lead Class Counsel have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter. Each will be required to make contributions to fund the litigation, and they will not accept any third-party litigation funding to do so. While Interim Co-Lead Class Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. Accordingly, they have already discussed how best to organize to effectively use their members' diverse skills and unique experiences for the case's prosecution and management, while avoiding unnecessary and duplicative billing.

---

[9] https://scholarship.law.duke.edu/cgi/viewcontent.cgi?article=1004&context=bolch (last viewed Apr. 29, 2025).

III.    CONCLUSION

    For the foregoing reasons, Plaintiffs respectfully request that the Court consolidate Case Nos. 8:25-cv-01239-TJS, 8:25-cv-01256-DLB, 8:25-cv-1277-DLB, 8:25-cv-01275-DLB into the first filed action, Case No. 8:25-cv-01239-TJS. Plaintiffs further request that the Court appoint Leigh Montgomery of EKSM, LLP, Raina C. Borrelli of Strauss Borrelli PLLC, Gary Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC, and Leanna Loginov of Shamis & Gentile, P.A. as Interim Co-Lead Counsel for the consolidated action.


Date: May 6, 2025                          Respectfully Submitted,


                                           /s/Duane O. King

                                           Duane O. King, Bar # 19430
                                           THE LAW OFFICES OF DUANE O. KING, PC
                                           803 W Broad Street Suite 210
                                           Falls Church, VA 22046
                                           Telephone: (202) 931-6252
                                           dking@dkinglaw.com

                                           Leigh S. Montgomery
                                           Texas Bar No. 24052214
                                           EKSM, LLP
                                           4200 Montrose, Ste. 200
                                           Houston, Texas 77006
                                           Phone: (888) 350-3931
                                           lmontgomery@eksm.com

                                           *Attorneys for Plaintiff Christensen*

                                           Duane O. King, Bar # 19430
                                           THE LAW OFFICES OF DUANE O. KING, PC
                                           803 W Broad Street Suite 210
                                           Falls Church, VA 22046
                                           Telephone: (202) 931-6252
                                           dking@dkinglaw.com

                                           Raina Borrelli*

STRAUSS BORRELLI PLLC
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
raina@straussborrelli.com

*Attorneys for Plaintiff Girgis*

Thomas A. Pacheco (Bar No. 1712140091)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
900 W Morgan Street
Raleigh, NC 27603
T: (212) 946-9305
tpacheco@milberg.com

David K. Lietz*
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
5335 Wisconsin Ave., NW, Suite 440
Washington, DC 20015
Phone: 866.252.0878
dlietz@milberg.com

*Attorneys for Plaintiff Scott*

Thomas A. Pacheco (Bar No. 1712140091)
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
900 W Morgan Street
Raleigh, NC 27603
T: (212) 946-9305
tpacheco@milberg.com

David K. Lietz*
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
5335 Wisconsin Ave., NW, Suite 440
Washington, DC 20015
Phone: 866.252.0878
dlietz@milberg.com

Leanna A. Loginov*
SHAMIS & GENTILE, P.A.
14 NE 1st Ave, Suite
705 Miami, FL 33132
Tel: (305) 479-2299
Email: lloginov@shamisgentile.com

*Counsel For Plaintiff Sikaczowski*

**Pro Hac Vice* forthcoming

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 6, 2025, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/Duane O. King*
Duane O. King