**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| ***In Re: AACOM Data Breach Litigation*** | **Case No. 8:25-cv-01239-DLB** |

**[PROPOSED] FINAL APPROVAL ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Plaintiffs submitted to the Court their Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 38);

WHEREAS, on November 4, 2025, the Court entered its Preliminary Approval Order, which, *inter alia*: (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Leigh Montgomery of EKSM, LLP, David K. Lietz of Milberg PLLC, Leanna A. Loginov of Shamis & Gentile, P.A., and Raina C. Borrelli of Strauss Borrelli PLLC as Class Counsel; (5) appointed Kroll Settlement Administration, LLC as the Settlement Administrator; (6) approved the form and manner of Notice and the Notice Program; (7) approved the Claim Form and Claim Process; and (8) set the Final Approval Hearing date (ECF No. 33);

WHEREAS, thereafter, Notice was provided to the Settlement Class in accordance with the Court's Preliminary Approval Order by direct Postcard Notice, and the Long Form Notice was available to Settlement Class Members on the Settlement Website or on request to the Settlement Administrator;

WHEREAS, on March 25, 2026, the Court held a Final Approval Hearing to determine whether the Settlement was fair, reasonable, and adequate, and to consider settlement Class Counsel's Motion for Attorneys' Fees, Costs, and Service Awards (ECF No. 36);

WHEREAS, based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Final Approval Order incorporates the definitions in Section II of the Settlement Agreement.

2. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all persons entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process of the United States Constitution, Federal Rule of Civil Procedure 23 and all other applicable law and rules. The Claims process is also fair, and the Claim Form is easily understandable.

3. Defendant has fully complied with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

4. The terms of the Settlement are fair, adequate, and reasonable. In so finding, the Court has considered the Fed. R. Civ. P. 23(e)(2) factors and the Fourth Circuit's traditional factors from *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155 (4th Cir.1991).

5. Based on the information presented to the Court, the Claims Process has proceeded consistent with the Agreement and Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the

Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

6. The distribution plan for Settlement Class Member Benefits proposed by the Parties is fair, reasonable, and adequate.

7. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

8. Because the Court finds that the Settlement set forth in the Settlement Agreement is fair, reasonable, and adequate and grants final approval, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

9. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Order.

10. The appointment of Plaintiffs Ted Christensen, Marina Girgis, Emily Scott, and Nicolas Sikaczowski as the Class Representatives is affirmed.

11. The appointment of Leigh Montgomery of Ellzey Kherkher Sanford Montgomery, LLP, David K. Lietz of Milberg PLLC, Leanna A. Loginov of Shamis & Gentile, P.A., and Raina C. Borrelli of Strauss Borrelli PLLC as Class Counsel is affirmed.

12. The Court reaffirms Kroll Settlement Administration, LLC as the Settlement Administrator.

13. The Court affirms its findings that the Settlement Class meets the relevant requirements of Fed. R. Civ. P. 23(a) and (b)(3) for only the purposes of the Settlement in that: (1) the number of members of the Settlement Class is so numerous that joinder is impracticable; (2)

there are questions of law and fact common to the members of the Settlement Class; (3) the claims of the Plaintiffs are typical of the claims of the members of the Settlement Class; (4) the Plaintiffs are adequate representatives for the Settlement Class, and have retained experienced and adequate Class Counsel; (5) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to the Settlement, indicating an overwhelming positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

14. Therefore, the Court finally certifies the following Settlement Class:

> All individuals residing in the United States whose PII/PHI was identified as at issue in the Data Incident discovered by AACOM in September 2024, including all those individuals who received notice of the Data Incident.

Excluded from the Settlement Class are (a) directors, officers, and agents of Defendant; (b) the Judge assigned to the Action, that Judge's immediate family, and Court staff; (c) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; and (d) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

15. Judgment shall be entered dismissing the Action with prejudice, on the merits.

16. As of the Effective Date, and in exchange for the relief described in the Agreement, the Plaintiffs and each Settlement Class Member who is not an Opt-Out Member will be deemed to have fully, finally, and forever completely released, relinquished, and discharged the Released Persons from any and all past, present, and future claims, counterclaims, lawsuits, setoffs, costs, expenses, attorneys' fees, costs, and expenses, losses, rights, demands, charges, complaints, actions, suits, causes of action,

obligations, debts, contracts, penalties, damages, or liabilities of any nature whatsoever, known, unknown (including Uknown Claims), or capable of being known, in law or equity, fixed or contingent, accrued or unaccrued and matured or not matured that arise out of, are connected to, or relate in any way to the Data Incident, the Defendant's information security policies and practices, Defendant's maintenance or storage of PII and/or PHI, and including such claims that were or could have been asserted in the Litigation regardless of whether such claims arise under federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law (the "Settlement Class Release")..

17. With respect to the Released Class Claims, Plaintiffs and Settlement Class Members, expressly understand and acknowledge it is possible that unknown economic losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs and Settlement Class Members explicitly took that into account in entering into the Agreement, and a portion of the consideration and the mutual covenants contained therein, having been bargained for between Plaintiffs and Defendant with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11), which reads:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE

DEBTOR OR RELEASED PARTY.

18. In the event there are funds remaining from uncashed checks in the Settlement Fund 20 days following the 180-day check negotiation period, all remaining funds shall be distributed to The Arnold P. Gold Foundation, a 501(c)(3) not-for-profit organization dedicated to promoting humanism in healthcare.

19. Class Counsel is awarded one-third (approximately 33.33%) of the Settlement Fund ($233,333.33) in attorneys' fees and $1,928.99 in reimbursement of litigation expenses. These payments shall be paid out of the Settlement Fund in accordance with the Agreement.

20. The Class Representatives shall be awarded Service Awards in the amount of $5,000.00 each. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

21. The Court approves the payment of notice and administration fees to Kroll Settlement Administration LLC. Notice and administration fees, which are currently estimated to be $143,770.17 through completion of the administration of this Settlement, shall be paid from the non-reversionary Settlement Fund in accordance with the Settlement Agreement.

22. Plaintiffs and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in any other capacity) any of the Released Class Claims against any of the Released Persons in any action or proceeding in any court, arbitration forum, or tribunal.

23. The Court hereby retains and reserves jurisdiction over: (1) implementation of this Settlement and any distributions to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and

(3) all Parties, for the purpose of enforcing and administering the Settlement.

24. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, *nunc pro tunc*. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Action shall return to its status immediately prior to execution of the Agreement.

25. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Class Claims (and other prohibitions set forth in this Final Approval Order) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted out or any other person subject to the provisions of this Final Approval Order.

26. This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Action. This Final Approval Order, the Settlement Agreement, and all acts, statements, documents or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiffs, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement

Agreement and this Final Approval Order may be filed in any action by Defendant, Settlement Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment (including but not limited to enforcing the releases contained herein). The Settlement Agreement and Final Approval Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiffs' claims or any similar claims are suitable for class treatment.

27. This Order resolves all claims asserted in this action and is a final order.

28. This matter is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

29. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Fed. R. Civ. P. 58.

**SO ORDERED** on _________________, 2026.

_________________________________
HON. DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE